```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          LEXINGTON DIVISION


IN RE:

RENEE LORENE GIBSON                                    CASE NO. 09-50813

DEBTOR

RENEE LORENE GIBSON                                          PLAINTIFF

v.

AES
U.S. DEPARTMENT OF EDUCATION
EDUSRV
NATIONAL COLLEGIATE TRUSTS
THE EDUCATION RESOURCES INSTITUTE
THE UNIVERSITY OF KENTUCKY                                   DEFENDANTS

                                                       ADV. NO. 09-5104
```

**MEMORANDUM OPINION**

These matters having come before the Court on Motion for Summary Judgment by the Educational Resources, Inc. and National Collegiate Trust (DOC 33), and on the United States Department of Education's Motion for Summary Judgment (DOC 38), and on the University of Kentucky's Motion for Summary Judgment (DOC 41), and a trial having been held on the underlying complaint on January 26, 2010, and the matters having been taken under submission, the Court issues this Memorandum Opinion.

The Court finds that summary judgment is not appropriate here because of issues of material fact that required a trial. Thus, the Motion for Summary Judgment by the Educational Resources, Inc. and National Collegiate Trust (DOC 33), the United States Department of Education's Motion for Summary Judgment (DOC 38), and the University of Kentucky's Motion for Summary Judgment (DOC 41) are all OVERRULED.

This Court has jurisdiction under 28 U.S.C. § 1334 in that it

arises under Title 11 U.S.C. This is a core proceeding under 28 U.S.C. § 157, and Venue is proper pursuant to 28 U.S.C. § 1409.

The issue is whether Debtor may have her student loans discharged.

FACTS

Debtor is a 26 year old unmarried female with one child who owes the Defendants over $150,000.00 for her student loans. She has not made efforts to either consolidate her loans or have them deferred, except for the University of Kentucky loan which is only approximately $7,000.00. Some payments have been made on those loans. The payments were made by her deceased grandfather and an uncle.

Her income is approximately $30,000.00 per year which is substantially less than her expenses of approximately $34,000.00 per year. Those expenses do not include student loan payments.

She has a degree in Elementary Education from the University of Kentucky which she obtained in 2008, but she does not use that degree as she has twice failed a teacher's certification test. She currently works as a State Administrator for AFLAC. She has been working there since the end of 2008. There does not appear to be any upward mobility in her current position. However, she received a $5,000.00 raise in less than one year after beginning her employment.

Debtor has ADHD and several other learning disabilities. She takes medication for those learning disabilities which allows her to work and allowed her to complete her degree. There is no evidence that her learning disabilities will get worse.

CONCLUSIONS OF LAW

Debtor's student loans cannot be discharged unless excepting such debt from discharge would impose an undue hardship. 11 U.S.C. §

523(a)(8). The Sixth Circuit has adopted the three-part <u>Brunner</u> test for deciding what is an undue hardship. *See* <u>In re Barrett</u>, 487 F.3d 353, 358 (6th Cir. 2007). The <u>Brunner</u> test requires the debtor to prove, by a preponderance of the evidence, (1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living if forced to pay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment of the student loans; and (3) that the debtor has made good faith efforts to repay the loans. To satisfy the second prong, a debtor must show circumstances that indicate a certainty of hopelessness, not merely a present inability to fulfill financial commitment. <u>Id</u>. at 359.

Here the first prong is satisfied as Debtor cannot maintain a minimal standard of living if forced to pay the loans as her expenses exceed her income even without paying the student loans. However, the second prong is not met as Debtor has not shown a certainty of hopelessness as the Debtor may continue to get raises in her current job or find a better paying job as Debtor is only 26 years old with a college degree and her learning disabilities appear to be controlled. An argument could be made that the third prong is satisfied as good faith might be sufficiently indicated by the payments made by Debtor's deceased grandfather and uncle; however, it is not necessary to determine the third prong as the second prong is not met.

For those reasons, Debtor's student loans shall not be discharged. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. A separate order dismissing the adversary proceeding shall be entered.

COPIES TO:

Jennifer F. Zeigler, Esq.
J. Robert Linneman, Esq.
David E. Middleton, Esq.
Thalethia B. Routt
John L. Day, Jr.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Wednesday, January 27, 2010
(jms)**